UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OHIO VALLEY CONFERENCE, and THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  No. 1:16-cv-02337-TWP-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that the Plaintiff's Class Action Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Class Action Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Class Action Complaint fails to sufficiently allege the citizenship of the defendants. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

In class actions, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). "[T]he phrase 'unincorporated association' in section 1332(d)(10) . . . carries the broader meaning used by the Supreme Court in deciding the citizenship of entities other than corporations." *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 909 (S.D. Ind.

2008). Thus, in a class action, the citizenship of an entity that is not a corporation is determined by the State where it has its principal place of business and the State under whose laws it is organized.

The Plaintiff initiated this lawsuit by filing his Class Action Complaint, which alleges,

> 10. Defendant OVC is a collegiate athletic conference with its principal office located 215 Centerview Drive, Brentwood, Tennessee 37027. Defendant OVC conducts business throughout this District, the State of Indiana, and the United States.
>
> 11. Defendant NCAA is an unincorporated association with its principal office located at 700 West Washington Street, Indianapolis, Indiana 46206. Defendant NCAA conducts business throughout this District, the State of Indiana, and the United States.

([Filing No. 1 at 3](#).) These allegations fail to specify the type of business entity of Defendant OVC and fail to allege the State under whose laws it is organized. The allegations also fail to identify the State under whose laws Defendant NCAA is organized. The allegations are not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the defendants. This Supplemental Jurisdictional Statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 9/8/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com